IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANDRE OMAR WARREN, *Plaintiff* | § § § | |
| v. | § § | CIVIL ACTION NO. 4:21-CV-3961 |
| JUSTICE PARK DRIVE HOUSTON, *Defendant.* | § § § | |

## MEMORANDUM AND RECOMMENDATION

On December 3, 2021, Plaintiff filed a "Complaint" against Defendant "Justice Park Drive Houston" seeking $18.5 million in damages and naming as co-conspirators numerous individuals, some of whom appear to be federal judges and federal court employees. ECF 1. The Court denied Plaintiff's application to proceed in forma pauperis. ECF 17. Plaintiff has not paid the required $402 filing fee. Having reviewed the Complaint, the Court RECOMMENDS that this case be dismissed with prejudice because it is frivolous and fails to state a claim for relief.[1] In light of this recommendation, the Initial Pretrial and Scheduling Conference set for May 25, 2022 is CANCELED.

The court possesses the inherent authority to dismiss an action sua sponte without motion by a defendant as long as the procedure is fair. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962)); *See Gaffney v. State Farm Fire and Cas. Co.*, 294 Fed. App'x 975, 977 (5th Cir. 2008) (recognizing inherent authority to sua sponte dismiss for failure to state a claim as long as the procedure employed is fair). Generally, the sua sponte dismissal procedure is fair if the plaintiff had notice of the court's intention to dismiss and an opportunity to respond. *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014) ("fairness in this context requires both notice of the court's intention and an opportunity to

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 15.

respond" (citation omitted)); *Anokwuru v. City of Houston*, 990 F.3d 956, 967 (5th Cir. 2021). The procedure for sua sponte dismissal in this case is fair because this Memorandum and Recommendation puts Plaintiff on notice of the Court's intention and Plaintiff has 14 days to file an objection and explain why his case should be allowed to proceed. *See Anokwuru*, 990 F.3d at 967 (plaintiff that filed objections to magistrate judge's recommendation undoubtedly had notice and opportunity to respond before dismissal).[2]

Plaintiff's Complaint fails to state a cognizable claim for relief for several reasons. It does not name a defendant[3] with the capacity to be sued. It references satellite monitoring, double murder, and necrophilia, but does not allege any conduct by the named Defendant and does not identify a cause of action or describe the nature of Plaintiff's injury. The Complaint references due process and civil rights but, to the extent it could be liberally construed as an attempt to state a claim under 42 U.S.C. § 1983, it does not allege that Justice Park Drive is a state actor or took any action against him under color of state law. *See Parham v. Clinton*, No. CIV.A. H-09-1105, 2009 WL 2870671, at *8 (S.D. Tex. Aug. 31, 2009) (gathering Fifth Circuit cases holding that § 1983 applies only to state actors, and not federal agencies or officials). To the extent the Complaint could be liberally construed as an attempt to state a claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971), it fails to state a claim because Plaintiff has not named an individual federal official as a defendant. Moreover, Plaintiff has had more than one opportunity to plead his best case because, as far as the Court can tell, this case duplicates his prior lawsuit against "Federal Bureau Agency," Civil Action No. 4:19cv2374, which the Court found to be factually frivolous and dismissed on December 6, 2019.

For all of the above reasons, the Court RECOMMENDS that the District Judge sua sponte dismiss this case with prejudice and terminate all pending motions.[4]

---

[2] In the alternative, at the discretion of the District Judge, the Court recommends dismissal be without prejudice for failure to prosecute because Plaintiff has not paid the filing fee or effected service. *Davoodi*, 755 F.3d at 310 n.1 (the Fifth Circuit recognizes an exception to the need to notice and opportunity to respond if dismissal is without prejudice).
[3] "Justice Park Drive Houston" may be a reference to the address of the Federal Bureau of Investigation located at 1 Justice Park Dr., Houston, TX 77092.
[4] These are: Motion for Court Appointed Attorney (ECF 7), Motion for Discovery (ECF 8), Motion for Initial

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on May 23, 2022, at Houston, Texas.

Christina A. Bryan<br>
United States Magistrate Judge

---

Disclosures (ECF 9), and Motion for Summary Judgment (ECF 10).